**STATE of Iowa, Plaintiff–Appellee,**

v.

**Gary Allen WINNETT,
Defendant–Appellant.**

**No. 87–1769.**

Court of Appeals of Iowa.

April 25, 1989.

William L. Wegman, State Public Defender, and Linda Del Gallo, Asst. State Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and Steven J. Oeth, County Atty., and Robert Blink, Sp. Pros., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

The defendant was accused of killing a robbery victim during the course of the robbery. A jury found the defendant guilty of first degree murder. He appeals from his conviction, arguing that the district court should have submitted involuntary manslaughter as a lesser included offense.

Involuntary manslaughter is a statutorily mandated included offense under an indictment for murder in the first degree. Iowa Code § 707.5(2). However, the district court still must determine whether the factual test is met before submitting an instruction on involuntary manslaughter to the jury. *State v. Basham*, No. 88–22, slip op. at 2 (Iowa Mar. 6, 1989) [438 N.W.2d 19 (table)].

■ The factual test to be applied was recently explained in *State v. Royer*, 436 N.W.2d 637 (Iowa 1989). In the case of statutorily mandated lesser-included offenses, the necessary factual test is whether substantial evidence of each necessary element of the lesser included offenses has been produced. *Id.* slip op. at 642. "If there is substantial evidence of each element contained in the lesser-included offense, the trial court must follow the statutory dictate to submit the offense for jury consideration." *Id.* slip op. at 643. With statutorily mandated lesser-included offenses, we use the substantial evidence standard as to the foreign elements in applying the factual test. *Basham* (No. 88–22 at 4).

■ Defendant argues that both the felony and the aggravated misdemeanor of involuntary manslaughter should have been submitted. In the case of *Basham*, the Iowa Supreme Court ruled that the aggravated misdemeanor instruction is not required where there is no substantial evidence the defendant participated in an act other than a public offense. *Id.* slip op. at 5. Where the only "Act" attributable to a defendant is a shooting and it cannot be said there is substantial evidence the shooting was an accident, but instead there is substantial evidence of an assault, then no instruction on the lesser-included offense of Iowa Code section 707.5(2) is required. *Id.*

There is no substantial evidence in the record indicating that Winnett accidentally caused the death of the victim. Instead, the defendant shot the victim through a window from outside as the victim sat in his own home. The shooting occurred after the defendant and his cohort obtained the victim's name as a possible robbery victim. Defendant knew that the victim

was a vegetarian and did not believe in violence. Defendant also admitted shooting the victim, however, he claims it was an accident. We cannot say there is substantial evidence that the shooting was "an act" other than a public offense. There is substantial evidence of an assault. Therefore, we find no error in not instructing on the aggravated misdemeanor of involuntary manslaughter.

■ A foreign element of Iowa Code section 707.5(1) is the commission of a public offense other than a forcible felony or escape. The public offenses of this case are robbery and assault. Both are forcible felonies. Iowa Code § 702.11. This case is distinguishable from *Royer* at this point because in *Royer*, the forcible felony was arson in the first degree. (436 N.W. at 643). Royer requested instructions on arson in the second degree and reckless use of fire which are not forcible felonies. *Id.* No such distinction is available for Winnett.

Applying the substantial evidence standard to the foreign elements of the felony involuntary manslaughter, we cannot say there is substantial evidence that defendant committed a public offense other than a forcible felony. We do not find evidence that a reasonable mind would accept as adequate to reach the conclusion that defendant unintentionally caused the death of the victim by an offense other than a forcible felony. *State v. Robinson,* 288 N.W. 2d 337, 338 (Iowa 1980). Therefore, no instruction on the lesser-included offense of felony involuntary manslaughter was required.

Finally, defendant claims he was entitled to the involuntary manslaughter instruction under the State's theory of felony murder. The foreign elements of involuntary manslaughter (1) and (2) are the same under the felony murder theory as discussed above. Therefore, this argument requires the same result. The trial court correctly refused to submit the lesser-included offenses of involuntary manslaughter (1) and (2). Therefore, the conviction of defendant is affirmed.

AFFIRMED.